point of view, to the indorsers. They have the right to pay the note to the legal holder, and be subrogated into the rights of the holder, to prosecute the makers of the note. But if he has made such a contract with the holder, as to prevent any action from being brought on the note for a given time, this right of the indorsers is impaired, and they are consequently relieved from responsibility. If the acceptance was not received in payment, but was received with an express agreement that there should be no proceeding on the note until the acceptance become due, the defendants are discharged. The holder of the note was not bound to sue the maker, but he discharged the indorsers if he made a contract, founded on a valuable consideration, that he would not sue for a given time. And if, as a condition to the giving of the acceptance, the holder agreed to wait until the acceptance became due, the defendants are discharged. Whether there was such an agreement, is for the jury to determine. If there was a contract of this import, it must have been made with Mr. Ogden, the witness. All that is pretended to have been done in regard to the acceptance was done by him; he, in fact, at the time, being the holder of the note, owning one half of it, and having it in his hands for collection. And Ogden, from general recollection, says that he made a general agreement with Ketchum respecting the note, except what he has stated on his examination, that on taking the acceptance there was no agreement to give time. If you find for the plaintiff, you will give interest on the note; if for the defendant, your verdict will be general.

Jury could not agree, and were discharged.

## Case No. 3,195.

COOPER v. GORDON et al.

[4 McLean, 6.] [1]

Circuit Court, D. Michigan. June Term, 1845.

JURISDICTION—ACTION AGAINST JOINT INDORSERS —SERVICE OF PROCESS—PLEA IN ABATEMENT.

1. Where there are three joint indorsers, and the process is served on two of them, under the act of 1839 [5 Stat. 321], the suit may be prosecuted against the two.

2. A plea in abatement can not be retained, on the ground that the other joint indorser is a citizen of another district.

[At law. Action by James F. Cooper against James Wright Gordon, George C. Gibbs, and —— Sanford, as joint indorsers of a promissory note.]

Mr. Hand, for plaintiff.
Mr. Romeyn, for defendants.

OPINION OF THE COURT. This action is brought by the plaintiff, a citizen of New York, against the defendants as indorsers of

[1] [Reported by Hon. John McLean, Circuit Justice.]

a note. The defendants pleaded in abatement that one Sanford, who is living, was a joint indorser with defendants. To this the plaintiff replied, that Sanford was not a citizen of Michigan, but of another state, at the time the suit was commenced. The pleadings raise the question whether, under the act of congress of the 25th February, 1839, this action is maintainable. That act provides, "that where any suit at law or equity commenced in any court of the United States, there shall be several defendants, any one or more of whom shall not be inhabitants or found within the district where the suit is brought, or shall not voluntarily appear thereto, it shall be lawful for the court to entertain jurisdiction, and proceed to the trial and adjudication of such suit between the parties who may be properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process, or not voluntarily appearing to answer; and the misjoinder of parties who are not so inhabitants, or found within the district, shall constitute no matter of abatement or other objection to said suit." Under this act, where an individual is served with process, he being within the district temporarily, but a citizen of another district, he may waive his objection to being sued out of his district, and appear in the suit. But there can be no doubt under the act that a service of process being made on a part of the defendants, they being citizens of the district, that the suit may be prosecuted against them. The statute was intended to provide for a case like this; and words could not be more appropriately used to effectuate the object.

The defendants are both citizens of Michigan, and having been served with process they are bound to answer. The demurrer is overruled.

[NOTE. On the trial of the action, the jury were unable to agree. See Case No. 3,194.]

## Case No. 3,196.

COOPER v. HARDY.

[Cited in Ten Broeck v. Pendleton, Case No. 13,827, in brief of counsel, to the point that on attachment the court may amend the declaration, if the justice of the case requires. Nowhere reported; opinion not now accessible.]

COOPER (ISAACS v.). See Case No. 7,096.

## Case No. 3,197.

COOPER v. JOHNSON.

[Cited in Trustees of Mut. Bldg. Fund & Dollar Sav. Bank v. Bosseuix, 3 Fed. 835. Nowhere reported. This case was decided in the third district court of Louisiana, and is probably a state case.]